RECEIVED
IN ALEXANDRIA, LA
JAN 19 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RAYTHAIL WOMACK<br>INMATE #383573 | DOCKET NO. 09-696; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| LYNN COOPER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION
### TO DISMISS CERTAIN DEFENDANTS

Pro se Plaintiff Raythail Womack filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 24, 2009. [Doc. #1] His motion for leave to proceed in forma pauperis was granted on May 12, 2009. [Doc. #5] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He complains that is being denied medical care by the defendants: Warden Lynn Cooper, Medical Staff of AVC, David Vajnar, LDOC, Gary Gremillion, Elayn Hunt Correctional Center (HCC), Warden Prince, Medical Warden Heydale, Medical Staff of HCC, Dr. Corvell, Kathleen Hancock, and Dr. Prejean. He was ordered to amend his complaint on October 20, 2009.

### Facts Alleged

Plaintiff alleges that he was prescribed and administered

medication called Calan[1], which caused an allergic reaction resulting in severe skin conditions and disfigurement all over his body. [Doc. #1, p.3] The medication was ordered and first administered by Elayn Hunt Correctional Center physicians Kathleen Hancock and Dr. Corvell on March 10, 2008. [Doc. #10, p.2, 4] Plaintiff developed "skin blisters, sores, bleeding, and bodily fluid leaks" on or around June 10, 2008, and he first sought treatment on June 11, 2008. Plaintiff alleges that the treatment only worsened his condition. He claims that the defendants continued to administer the medication to him even after he complained of severe side effects. He also alleges that the wardens at Hunt Correctional authorized the doctors to continue giving him the medication.

Plaintiff alleges that he was transferred to AVC, where the defendants claimed to not know what was causing the skin condition and they refused to take Plaintiff to a "doctor on the street" for a second opinion. Apparently Plaintiff eventually participated in a virtual consultation with a dermatology clinic in New Orleans via web camera. It was determined that Plaintiff had permanent skin damage to his entire body. [Doc. #10, p.3-4] Plaintiff claims that he still continued to be administered Calan by Dr. Vajnar and the

---

[1] Calan is the brand name for the generic drug Verapamil. Verapamil is used to treat high blood pressure and to control angina (chest pain). The immediate-release tablets are also used alone or with other medications to prevent and treat irregular heartbeats. Verapamil is in a class of medications called calcium-channel blockers.
http://www.nlm.nih.gov/medlineplus/druginfo/meds/a684030.html

medical staff at AVC.

Plaintiff seeks injunctive relief in the form of a second opinion of an outside physician, as well as compensatory damages.

## Law and Analysis

### Medical Care

Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. Deliberate indifference requires the *subjective intent* to cause harm. Hare v. City of Corinth, Miss., 74 F.3d 633, 649 (5th Cir. 1996)(en banc). Negligent or mistaken medical treatment does not provide the basis for a civil rights action. See Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993). Additionally, Plaintiff has no automatic constitutional right to an outside referral or specialist. See Randle v. Mesrobian, 165 F.3d 32, 2007 WL 551941, at *3 (7th Cir. 1998)("Prisons are not required to keep specialists on staff, and inmates have no automatic right to consult with outside physicians."); see also Green v. McKaskle, 788 F.2d 1116, 1127 (5th Cir. 1986)(stating that the "mere claim that [prisoner] was not afforded a doctor who specialized in the treatment of paraplegia or a trained physical therapist does not, of itself, state a claim of deliberate indifference"). Prisoners are entitled to reasonable medical care, not the "best medical care money can buy." See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992); Woodall v. Foti,

648 F.2d 268 (5th Cir. 1981).

Therefore, Plaintiff can establish an actionable constitutional violation only if he alleges facts tending to establish that the defendants were deliberately indifferent to his serious medical needs. <u>Thompson v. Upshur County, Texas</u>, 245 F.3d 447, 457 (5th Cir. 2001). Plaintiff states that Drs. Corvell and Hancock at Hunt Correctional continued to administer Calan even after Plaintiff complained that it was causing blisters, sores, and bleeding. [Doc. #10, p.2] He states that Wardens Haydel and Prince "authorized" the administering of the medication. [Doc. #10, p.2-3] Plaintiff also complains that the physician at Avoyelles Correctional deprived him of medical care by continuing the Calan and ignoring the recommendations of the dermatology clinic in New Orleans.

Plaintiff named as defendants AVC Warden Lynn Cooper and Gary Gremillion. Vicarious liability - holding one liable for the acts of his subordinate - does not apply to §1983 claims. <u>Pierce v. Texas Dept. of Crim. Justice, Inst. Div.</u>, 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied,* 514 U.S. 1107 (1995). Personal involvement is an essential element of a civil rights cause of action. <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied,* 464 U.S. 897 (1983). Plaintiff presented no factual allegations involving these individuals in his complaint or amended complaint. Therefore, it is recommended that they be dismissed.

4

**Immune or Exempt Defendants**

Some of the defendants that Plaintiff names are non-juridical entities or are immune from suit, including the "Medical Staff of AVC," the LDOC, Elayn Hunt Correctional Center (HCC), and the "Medical Staff of EHCC."

Plaintiff names the LDOC as a defendant. The Eleventh Amendment bars suits for damages against a state in federal court unless the state waives sovereign immunity. Eleventh Amendment immunity extends to state agencies that act as arms of the state. The Louisiana Department of Public Safety and Corrections is a department of the executive branch of the state, La. R.S. 36:4. It is an agency of the state of Louisiana, which has Eleventh Amendment immunity from suit in federal court. Jackson v. Department of Public Safety for State of Louisiana, 675 F.Supp. 1025, 1026 (M.D. La. 1985); Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985).

Plaintiff names the medical departments at Hunt and Avoyelles as defendants. However, a "department" within a prison facility is not a "person" under §1983. See Oladipupo v. Austin, 104 F.Supp.2d 626, 641-42 (W.D.La. 2000); see also Marsden v. Federal B.O.P., 856 F.Supp. 832 (S.D.N.Y. 1994); Powell v. Cook Co. Jail, 814 F.Supp. 757, 758 (N.D.Ill. 1993); McCoy v. Chesapeake Corr. Ctr., 788 F.Supp. 890, 893 (E.D.Va. 1992).

Plaintiff also names as a defendant E. Hunt Correctional

5

Center, which is a non-profit corporation. However, just as a municipal corporation is not vicariously liable upon a theory of respondeat superior for the constitutional torts of its employees, so is a private corporation not vicariously liable under §1983 for its employees' deprivations of others' civil rights. See Rosborough v. Mgmt. & Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the moving force of the constitutional violation. The compliant is devoid of any allegations that an official policy or custom of EHCC was the "moving force" behind its employees' alleged constitutional violations.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims against **the following parties** be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B): **The Louisiana Department of Public Safety and Corrections, the Medical Staff of AVC, the Elayn Hunt Correctional Center, the Medical Staff of E. Hunt Correctional Center, Gary Gremillion, and Warden Cooper.**

Service of process of the *__medical care claims against the remaining defendants will be ordered forthwith__*.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation**

have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE