**IMPORTANT NOTICE:** Courtesy copies of documents you file should **NOT** be provided to any judge. All communications with the court SHALL **ONLY** be through documents filed with the Clerk of Court.

RECEIVED
JUN 17 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

RAYTHAIL WOMACK
          Plaintiff

VERSUS


LYNN COOPER, et al.,
          Defendants

CIVIL ACTION NO.:1:09-CV-696
SECTION "P"


DISTRICT JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK


REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed by Raythail Womack (Womack) pursuant to 42 U.S.C. §1983 on April 24, 2009 claiming deliberate indifference to medical needs (Doc. 1). Womack initially named Lynn Cooper, Medical Staff of Avoyelles Correctional Center, David Vajnar, Louisiana Department of Public Safety and Corrections (LDOC), Gary Gremillion, Elayn Hunter Correctional Center (HCC), Warden Prince, Assistant Warden Charlene Haydale, Medical Staff of HCC, Dr. Corvell, Dr. Kathleen Hancock and Dr. Prejean as defendants. However, on February 12, 2010, the district judge issued a judgment adopting the undersigned's report and recommendation and ordering the claims against LDOC, the Medical Staff of Avoyelles Correctional Center, HCC, the Medical Staff of HCC, Gary Gremillion and Warden Cooper be dismissed with prejudice as frivolous and failing to state a claim (Docs. 14 &

15).  Of the  remaining defendants, service was effected only upon Vajnar, Prince, Haydale and Corvell.  As Hancock and Prejean were never served and Womack never provided an appropriate address, they should be dismissed without prejudice pursuant to Rule 4.

Womack seeks injunctive and declaratory relief as well as compensatory damages in the amount of 2.5 million dollars.[1]

## Statement of the Case

Womack, an inmate in the custody of the LDOC, filed the instant lawsuit claiming defendants were deliberately indifferent to his medical needs.  Specifically, he alleged that on March 10, 2008, when he was incarcerated at HCC, Drs. Hancock and Corvell prescribed and administered a medication to him called Calan.[2]  On June 10, 2008, he developed "skin blisters, sores, bleeding and bodily fluid leaks" all over his body as a result of an allergic reaction to that medication.  Womack sought treatment for the skin condition on June 11, 2008 but he claims that treatment only made the condition worse.  Womack contends that the severe skin

---

[1]  In their motion for summary judgment (Doc. 51), defendants contend Womack does not seek compensatory damages in either his original or amended complaint.  However, Womack clearly states that he seeks the aforementioned monetary award.

[2]  Calan is the brand name for the generic drug Verapamil. The drugs are used to treat high blood pressure and to control angina (chest pain).  The immediate release tablets are also used alone or with other medications to prevent and treat irregular heartbeats.  Verapamil is in a class of medications called calcium-channel blockers.
http:www.nlm.nih.gov/medlineplus/druginfo/meds/a684030.html

condition went untreated and, despite his discussions with Hancock and Corvell about the severe side effects he experienced, the doctors, with the authorization of the wardens at HCC, continued to administer Calan.

Womack further complained that upon his transfer to AVC, defendants advised they did not know what caused the skin condition and refused to make an appointment with an outside doctor for a second opinion. Instead, they arranged for Womack to participate in a virtual consultation with a dermatology clinic in New Orleans via web camera. During that consultation, it was determined that Womack had permanent damage to his skin. Nonetheless, Vajnar and the medical staff at AVC continued to administer Calan.

On April 6, 2009, Womack initiated the Administrative Remedy Procedure by filing grievance AVC-2009-239[3] in which he complained that he was completely ignored by LDOC medical staff and doctors, refused treatment and consistently administered medication over the course of two years which caused his allergic reaction and skin condition. (Doc. 27-2, p. 5-6). On April 29, 2009, prior to either receiving a response regarding this grievance or filing his second grievance on May 4, 2009 (AVC-2009-262), Womack filed the instant

---

[3]  This grievance was denied in a first step response on May 29, 2009 (Doc. 27-2, p.2-4). A second step response from headquarters issued around June 16, 2009 also denied his requested relief. (Doc. 27-2, p.1).

lawsuit (Doc. 27-3, p. 3-4).[4]  On November 6, 2009, Womack filed an amended complaint setting forth the aforementioned allegations of deliberate indifference in response to this court's October 20, 2009 order (Doc. 3).

Thereafter, on October 14, 2010, Womack filed a motion for summary judgment and on March 21, 2011, defendants filed a motion for summary judgment, which Womack opposed (Doc. 31, 51, 55). These motions for summary judgment are currently before the undersigned for report and recommendation.

<u>Law and Analysis</u>

<u>Summary Judgment</u>

Rule 56 of the Federal Rules of Civil Procedure was recently amended to provide "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] A dispute regarding a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

---

[4]  The second grievance filed on May 4, 2009 was denied at the first step on September 9, 2009 and the second step around September 21, 2009 (Doc. 27-3, p. 1-2).

[5]  Rule 56 was amended effective December 1, 2010.  The comments to the amendment indicate the intent was to improve the procedures for presenting and deciding summary-judgment motions and to make procedures more consistent with those already used in most courts.  The standard for granting summary-judgment remains unchanged.

242, 248 (1986). The court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Washburn v. Harvey, 504 F.3d 505, 508 (2007).

Additionally, Local Rule 56.2W provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See Id. at 325; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory

allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, 37 F.3d at 1075.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Id.

Lack of Exhaustion

Section 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under Section 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Porter v. Nussle, 534 U.S. 516 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Also, Jones v. Bock, 549 U.S. 199, 211 (2007); Clifford v. Gibbs, 298 F.3d 328, 330-331 (5th Cir. 2002); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Since the amendment of §1997e, the Fifth Circuit has taken a strict approach to the exhaustion requirement. Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003).

Available administrative remedies are exhausted in compliance with the PLRA when the time limits for the prison's response set forth in the prison grievance procedures have expired. Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004), citing Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998). Also, Mahogany v. Miller, 252 Fed.Appx. 593, 594 (5th Cir. 2007) ("the district court assumes that

6

a prisoner's claims have been exhausted when his grievances were not processed within prescribed time limits"). Failure to exhaust is an affirmative defense under the PLRA and inmates are not required to specially plead or demonstrate exhaustion in their complaints. Jones, 549 U.S. at 216. However, a court can dismiss a case prior to service of defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007). Also, Torns v. Miss. Dept. of Corrections, 301 Fed.Appx. 386, 388 (5th Cir. 2008).

The Fifth Circuit has recognized, as a basis for excuse, circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy or where dismissal would be inefficient and would not further the interests of justice of the purposes of the exhaustion requirement. Johnson v. Ford, 261 Fed.Appx. 752, 755 (5th Cir. 2008) (citations omitted).

In the instant case, Womack filed two grievances yet neither was exhausted prior to Womack filing this lawsuit. In fact, he filed the second grievance months after initiating the lawsuit. Womack fully acknowledged his lack of exhaustion in his response to defendants' motion for summary judgment; however, he attempted to have this court believe it is of no consequence because the claims have since been exhausted and he will be allowed to re-file.

While it is true that exhaustion requirements may be excused when dismissal would be inefficient and/or would not further interests of justice of the purpose of the requirement itself, it is clear that the Congressional purpose of providing relief from frivolous prisoner litigation is upheld by the dismissal of a premature lawsuit.  Thus, dismissal may be used to deter prisoners from seeking relief to which one is not entitled.  That is, court intervention in prison affairs which the prison has not had the opportunity to address.  <u>Underwood v. Wilson</u>, 151 F.3d 292 (5th Cir. 1998), *abrogated in part by* <u>Jones v. Bock</u>, 549 U.S. 199 (2007)(abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust).  As Womack, by his own admission, failed to exhaust his administrative remedies, his claims should be dismissed as frivolous under 28 U.S.C. §1915(e).

<u>Womack's Motion for Summary Judgment</u>

Womack filed a motion for summary judgment (Doc. 31); however, a review of the document shows that it is nothing more than a recitation of his allegations against defendants and the relief sought.  As it fails to comport with the standards for a motion for summary judgment and, in light of the aforementioned failure to exhaust, Womack's motion for summary judgment should be denied.

<u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that plaintiff's

8

motion for summary judgment (Doc. 31) be DENIED.

IT IS FURTHER RECOMMENDED that defendants' motion for summary judgment (Doc. 51) be GRANTED and that the lawsuit be DISMISSED AS FRIVOLOUS pursuant to 28 U.S.C. 1915(e) for failure to exhaust.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDING, CONCLUSION, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN THE FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana this 17th day of June, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE